```
         IN THE UNITED STATES DISTRICT COURT
             WESTERN DISTRICT OF ARKANSAS
                   HARRISON DIVISION

POSA SYSTEMS, LLC                                      PLAINTIFF


       v.                      Case No. 07-3014


PAYSPOT, INC., JOSEPH P. BODINE,
DAVID HAWKINS, and B&H INVESTMENT, INC.                DEFENDANTS
```

                                **ORDER**

Now on the 18th day of December, 2007, comes on for consideration **Defendants Joseph P. Bodine and David Hawkins' Motion to Dismiss for Lack of Personal Jurisdiction (doc. #8).** The Court, being well and sufficiently advised, finds and orders as follows with respect thereto:

1. The plaintiff, POSA Systems, LLC ("POSA"), filed this action on April 19, 2007 against defendants Payspot, Inc., Joseph P. Bodine, David Hawkins, and B&H Investments, Inc., f/k/a Austin International Marketing Investments, Inc. ("AIM")

Separate defendants Joseph P. Bodine and David Hawkins now move to dismiss this matter, asserting that the Court lacks personal jurisdiction against them.

2. "When personal jurisdiction is challenged, plaintiff has the burden to show that jurisdiction exists." Burlington Industries Inc. v. Maples Industries, 97 F.3d 1100, 1102 (8th Cir. 1996) (citation omitted). "[T]he burden does not shift to the party challenging jurisdiction." Gould v. P.T. Krakatau

Steel, 957 F.2d 573, 575 (8th Cir.), *cert. denied* 506 U.S. 908 (1992), citing Newhard, Cook & Co. v. Inspired Life Centers, Inc., 895 F.2d 1226, 1228 (8th Cir. 1990).

Clearly, POSA, as the plaintiff asserting it, has the burden of making a prima facie showing of this Court's jurisdiction over separate defendants Bodine and Hawkins. *See* First National Bank of Lewisville, Arkansas v. First National Bank of Clinton, Kentucky, 258 F.3d 727, 729 (8th Cir. 2001); Falkirk Min. Co. v. Japan Steel Works, Ltd., 906 F.2d 369, 373 (8th Cir. 1990). To ascertain whether jurisdiction exists, one must determine "(1) whether a forum's long-arm statute permits the assertion of jurisdiction and (2) whether assertion of personal jurisdiction violates federal due process." Graphics Controls Corp. v. Utah Med. Prods., Inc., 149 F.3d 1382, 1385 (Fed. Cir. 1998)(footnote omitted).

Arkansas' long-arm statute permits the assertion of jurisdiction to the extent permitted by the Due Process Clause. Ark. Code Ann. § 16-4-101(B) (Supp. 1995); *see also* Kilcrease v. Butler, 293 Ark. 454, 455, 739 S.W.2d 139 (1987). Therefore, the sole inquiry this Court need make is whether the exercise of personal jurisdiction is consistent with the due process clause[1]. *See* 3D Systems, Inc. V. Aarotech Laboratories, Inc., 160 F.3d 1373,

---

[1] Courts are to apply the "minimum contacts" standard developed in International Shoe and its progeny. Hilderbrand v. Steck Mfg. Co., Inc., 279 F.Supp.2d 1351, 1355 (Fed.Cir. Feb. 7, 2002).

2

1377 (Fed. Cir. 1998); *see also* <u>Epps v. Stewart Information Services Corp.</u>, 327 F.3d 642, 647 (8th Cir. 2003).

"The Due Process Clause protects an individual's liberty interest in not being subject to the binding judgments of a forum with which he has no meaningful 'contacts, ties, or relations.'" <u>Burger King Corp. v. Rudzewicz</u>, 471 U.S. 462, 471-72 (1985)(quotation omitted). Due process requires sufficient "minimum contacts" between the defendant and the forum state so that "maintenance of the suit does not offend traditional notions of fair play and substantial justice." <u>World-Wide Volkswagon Corp. v. Woodson</u>, 444 U.S. 286, 291-92 (1980).

To satisfy its burden, a plaintiff asserting jurisdiction must establish either specific jurisdiction or general jurisdiction. <u>Merck & Co., Inc. v. Barr Lab., Inc.</u>, 179 F.Supp.2d 368, 371 (D.Del. 2002); <u>Mason v. Mooney Aircraft Corp.</u>, 2003 WL 21244160 (W.D. Missouri)(Slip Opinion)(May 8, 2003)(explaining differences in two concepts).

A. <u>General Personal Jurisdiction</u> -- General jurisdiction arises when the defendant has continuous and systematic contacts with the state, irrespective of whether defendant's connections are related to the particular cause of action. <u>Helicopteros Nacionales de Colombia, S.A. v. Hall</u>, 466 U.S. 408, 414 (1984). Due process focuses on the fundamental fairness of exercising jurisdiction over a nonresident defendant, and therefore, "it is essential in each

3

case that there be some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." Hanson v. Denckla, 357 U.S. 235, 253 (1958).

The United States Supreme Court has held that to maintain general jurisdiction over a foreign defendant, the facts must establish "substantial" or "continuous and systematic general business contacts" with the forum state. Helicopteros, 466 U.S. at 416. Such affiliations are construed in light of the Due Process Clause which permits the Court to exercise jurisdiction only if doing so would not "offend traditional notions of fair play and substantial justice." International Shoe Co. v. Washington, 326 U.S. 310, 316 (1945). That is, a defendant must "reasonably anticipate being haled into court" in the remote forum. World-Wide Volkswagon Corp. v. Woodson, 444 U.S. 286, 297 (1980). While lack of physical presence in a state cannot alone defeat jurisdiction, "random," "fortuitous," or "attenuated" contacts do not count in the minimum contacts calculus. Burger King Corp. v. Rudzewicz, 471 U.S. 462, 475 (1985). If a party is amenable to general jurisdiction, then it can be said that it has such numerous contacts with the forum that it may be haled into court in that forum even for a suit not arising out of its forum contacts. See Helicopteros, 466 U.S. at 416.

A showing of contacts alone, however, is not enough; a foreign defendant may still defeat jurisdiction by marshaling a compelling

4

case that its exercise would be unreasonable or contrary to concepts of fair play and substantial justice.  Viam Corp., 84 F.3d at 429. "The test of unreasonableness is a multi-factored balancing test that weighs any burdens on the defendant, against various countervailing considerations, including the plaintiff's interest in a convenient forum and the forum state's interest in resolving conflicts flowing from in-state events."  Id., citing Burger King Corp. v. Rudzewicz, 471 U.S. at 477.  For these reasons, a "plaintiff must show significantly more than mere minimum contacts to establish general jurisdiction."  Molnlycke Health Care AB v. Dumex Medical Surgical Prod., Ltd., 64 F.Supp.2d 448, 450 (E.D. Pa. 1999).

Once defendants' contacts with the forum have been established, the Court considers the following factors in deciding whether to exercise jurisdiction:

    (1)  the nature and quality of defendants' contacts with the forum state;

    (2)  the quantity of such contacts;

    (3)  the relation of the cause of action to the contacts;

    (4)  the interest of the forum state in providing a forum for its residents; and

    (5)  the convenience of the parties.

Epps, 327 F.3d at 648, citing Burlington Industries, Inc. v. Maple Industries, Inc., 97 F.3d 1100, 1102 (8th Cir. 1996)(addt'l

citations omitted).  In applying these factors, the central inquiry is the "relationship among the defendant, the forum and the litigation."  Land-O-Nod Co. v. Bassett Furniture, Inc., 708 F.2d 1338, 1340 (8th Cir. 1983)(quoting Shaffer v. Heitner, 433 U.S. 186, 204 (1977)).

Finally, even where a jurisdictional threshold can be established, "personal jurisdiction may be defeated if its exercise would be unreasonable" and in making this determination, the Court considers factors such as

> (a) the burden on the defendant; (b) the interest of the forum state; (c) the plaintiff's interest in obtaining relief; (d) the interstate judicial system's interest in obtaining the most efficient resolution of controversies; and (e) the shared interest of the several states in furthering fundamental substantive social policy.

Asahi, 480 U.S. at 113-14; Falkirk Mining Co. v. Japan Steel Works, Ltd., 906 F.2d 369, 374 (8th Cir. 1990).

B.  Specific Personal Jurisdiction – Specific personal jurisdiction is distinguished from general personal jurisdiction in that specific jurisdiction usually refers to a "situation in which the cause of action arises directly from the defendant's contacts with the forum State."  Viam Corp. v. Iowa Export-Import Trading Co., 84 F.3d 424 (C.A. Fed. 1996).

4.  The plaintiff's complaint includes claims against Bodine and Hawkins for 1) tortious interference with contract; 2) tortious

6

interference with a business expectancy; and 3) fraud. Bodine and Hawkins argue that they lack sufficient contacts with the State of Arkansas to cause them to be subjected to personal jurisdiction in this Court. Specifically, Bodine and Hawkins argue that the only relevant contacts between them and the State of Arkansas and/or the plaintiffs were a result of acts carried out in a corporate capacity as officers, directors and/or employees of AIM. However, it is the plaintiff's position that "the so-called 'corporate' or 'fiduciary shield doctrine'", relied on by Bodine and Hawkins, protects only those officers or agents who were innocent or uninvolved in the claimed wrongdoing.

5. The corporate or fiduciary shield doctrine "'provides that individuals performing acts in a state in their corporate capacity are not subject to the personal jurisdiction of the courts of that state for those acts.'" Barnett v. Kohler, 2006 WL 616805 (W.D. Ark. March 3, 2006)(quoting Torchmark Corp. V. Rice, 945 F.Supp. 172, 176 (E.D. Ark. 1996)).

> This doctrine is a creature of state law. In applying the constitutional due process analysis for personal jurisdiction, the United States Supreme Court declined to consider any fiduciary shield defense and measured only the contacts of the individuals concerned. See Calder v. Jones, 465 U.S. 783, 790 (1984)("Petitioners are correct that their contacts with California are not to be judged according to their employer's activities there. On the other hand, their status as employees does not somehow insulate them from jurisdiction. Each defendant's contacts with the forum State must be assessed individually.") Accordingly, courts have considered the fiduciary shield doctrine when applying state long-arm

7

>statutes, but rejected the doctrine when the long-arm statute is coextensive with the due process clause of the United States Constitution.

Barnett, 2006 WL 616805 (citations omitted).  It, therefore, follows that although this Court is prohibited from attributing the contacts of Payspot and AIM to the separate defendants, it does not prohibit the separate defendants from being held personally liable for his own tortious conduct simply because he was an officer of Payspot or AIM.

Although the Court finds that neither Bodine nor Hawkins have sufficient contacts with the State of Arkansas to warrant general personal jurisdiction, *see* Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 414 (1984), the Court finds that specific personal jurisdiction does exist.  Viam Corp. v. Iowa Export-Import Trading Co., 84 F.3d 424 (C.A. Fed. 1996).  The alleged misrepresentations and tortious conduct were clearly aimed at the plaintiff, located in the State of Arkansas.  And, undoubtedly, the separate defendants knew that any harmful effects would be suffered by the plaintiff in the State of Arkansas.  The separate defendants must therefore reasonably anticipate being haled into court in the State.  Calder v. Jones, 465 U.S. 783 (1984).  *See also* Finley v. River North Records, Inc., 148 F.3d 913 (8th Cir. 1998).

8

6.   Therefore, for the reasons set forth above, the **Defendants Joseph P. Bodine and David Hawkins' Motion to Dismiss for Lack of Personal Jurisdiction (doc. #8)** should be, and it hereby is **denied.**

IT IS SO ORDERED.

<u>/s/ Jimm Larry Hendren</u>
UNITED STATES DISTRICT JUDGE